# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIN J. COLOMBO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:20CV495 JCH |
| | ) | |
| EDWARD D. JONES & CO., L.P., | ) | |
| doing business as EDWARD JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Edward D. Jones & Co., L.P.'s Motion to Dismiss, filed June 26, 2020. (ECF No. 8). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Charlin J. Colombo began her employment with Defendant Edward D. Jones & Co., L.P. ("Edward Jones" or "Defendant") on August 22, 2013. (Compl., ¶ 6). In March of 2018, Plaintiff was 74 years old, and her job title was Branch Office Administrator. (*Id.*, ¶¶ 9, 13).

On or about March 1, 2018, Pamela Diemert ("Diemert") became Plaintiff's new supervisor. (Compl., ¶ 10). According to Plaintiff, Diemert subjected Plaintiff to a hostile work environment on the basis of her age, by repeatedly harassing Plaintiff, including yelling in her face and questioning her decisions. (*Id.*, ¶ 11). On April 19, 2018, Plaintiff filed a complaint

---

[1] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendant has not yet filed an answer.

1

against Diemert with Edward Jones' Home Office Human Resources.  (*Id.*, ¶ 16).  Plaintiff claims that after she filed her complaint she was retaliated against, in that her job performance came under greater scrutiny and she was made fearful of Diemert.  (*Id.*, ¶¶ 17-19).

Plaintiff asserts Diemert's actions caused her to have a mental breakdown and suffer deep depression.  (Compl., ¶ 13).  Plaintiff's last day of work at Edward Jones was June 21, 2018.  (*Id.*, ¶ 18).  On or about July 16, 2018, Plaintiff filed a Charge of Discrimination with the EEOC.  (*See* ECF No. 8-1).[2]  The Charge alleged discrimination on the basis of age and retaliation, and stated in its entirety (verbatim) as follows:

> I was hired by the above named employer on August 22, 2013.  My job title is Branch Office Administrator (BOA), earning $19.22.  My immediate supervisor is Pamela Diemert, Financial Advisor, 57.
>
> On March 1, 2018, Ms. Diemert became the new Financial Advisor for my office.  Upon meeting me, Ms. Diemert was rude and abruptly asked me "Do you like working for Edward Jones or are you bitter."  For the next few weeks I continued to be subjected to her hostile leadership.  She often yelled in my face and questioned my decisions.  In March 2018, another employee informed me that Ms. Diemert made the comment that "Edward Jones should have the same retirement restrictions for BOAs that they have for General Partners, which is 65, then she (me) would not be here." for BOAs so that she would not have to deal with me.  On April 19, 2018, I filed a complaint against Ms. Diemert with our home office HR.  After filing my complaint, my job performance came under greater scrutiny and I was fearful of Ms. Diemert.  On June 21, 2018, I went to see my doctor on an emergency visit due to a mental breakdown and deep depression.

---

[2] "When considering a motion regarding the sufficiency of the pleadings, such as this one, 'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" *Williams v. True Manufacturing*, No. 14CV1609 HEA, 2015 WL 4546618, at *2 (E.D. Mo. Jul. 28, 2015) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002)).  As Plaintiff specifically referenced the written complaint of discrimination she filed with the EEOC in her Complaint, and both parties have cited to and attached Plaintiff's administrative charge to their submissions, the Court will consider it in resolving the instant Motion to Dismiss.

2

>On June 22, 2018, I called Respondent and requested to be placed on short term disability.  I have not been back to work.
>
>I believe I have been discriminated against due to my age, 74, and retaliated against for participating in protected activity in violation of the Age Discrimination in Employment Act.

(*Id.*, PP. 1-2).  Plaintiff's Charge indicated that the alleged discrimination took place between March 1, 2018, and June 22, 2018.  (*Id.*, P. 1).  The EEOC issued Plaintiff a Notice of Right to Sue on January 16, 2020.  (Compl., ¶ 21).

Plaintiff filed her Complaint for Damages in this Court on April 8, 2020.  (ECF No. 1). In her Complaint Plaintiff alleges age discrimination and retaliation, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  Central to both Plaintiff's claims is her assertion that she was constructively terminated on June 21, 2018, her last day worked.  (*See* Compl., ¶¶ 6, 12-14, 22).  As noted above, Defendant filed the instant Motion to Dismiss on June 26, 2020, asserting Plaintiff's Complaint must be dismissed because she failed to exhaust her administrative remedies as to her constructive discharge claim.  (ECF No. 8).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).  The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The complaint's factual allegations must be sufficient "to raise

3

a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## **DISCUSSION**

In her Complaint, Plaintiff lodges claims of age discrimination and retaliation, in violation of the ADEA.  Specifically, she complains that she was subjected to a hostile work environment over a three-month period, from March, 2018, to June, 2018, and that she was retaliated against after complaining to Defendant about the alleged mistreatment.

In order to succeed on a claim of age discrimination, a plaintiff must show: "(1) [she] is over forty; (2) [she] was qualified for the position; (3) [she] suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably." *Weakley v. Permalok Corp.*, No. 4:19CV259 SPM, 2019 WL 932112, at *2 (E.D. Mo. Feb. 25, 2019) (citation omitted).  "To establish a prima facie case of retaliation, an employee has the initial burden of establishing retaliation by showing that (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct." *Jackman v. Fifth Judicial Dist. Dept. of Correctional Servs.*,

728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).  Both Plaintiff's claims here are dependent on her allegation that she was constructively terminated from her employment with Defendant, as evidence that she suffered an adverse employment action.³

In its Motion to Dismiss, Defendant asserts Plaintiff's claim of constructive discharge must be dismissed as administratively unexhausted.  In order to initiate a claim under the ADEA, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter.  *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018).  In order to fulfill the exhaustion requirement, the claimant must give notice of all claims in her administrative complaint.  *Perkins v. Davis*, No. 4:14CV1755 SPM, 2015 WL 3572501, at *5 (E.D. Mo. Jun. 5, 2015).   In *Parisi v. Boeing*, the Eighth Circuit elaborated upon the administrative exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary

---

³ In her Complaint, Plaintiff alleges that after she filed her complaint against Diemert, she was "told that she would be written up and placed on suspension, that she would be reviewed by Pamela Diemert every thirty (30) days, and that she would have to tell other departments of this if she tried to transfer to another department," and further that she was told Defendant's Human Resources department had issued her a "written warning notice." (Compl., ¶¶ 18, 19).  These allegations are insufficient to establish an adverse employment action, as under Eighth Circuit law, "an adverse employment action must be material, not trivial." *AuBuchon v. Geithner*, 743 F.3d 638, 644 (8th Cir. 2014) (citation omitted).  "As a result, [the Eighth Circuit has] determined that commencing performance evaluations, sending critical letters that threatened discipline, falsely reporting poor performance, and failing to mentor and supervise employees did not establish a prima facie case of retaliation absent materially adverse consequences to the employee." *Id.* (citing *Littleton v. Pilot Travel Ctrs., LLC*, 568 F.3d 641, 644 (8th Cir. 2009) (collecting cases)).  *See also Mathews v. Wal-Mart Assoc., Inc.*, No. 2:20CV4033 NKL, 2020 WL 2332141, at *4 (W.D. Mo. May 11, 2020) (citations omitted) ("Even accepting Mathews' allegations as true, negative evaluations or discipline, when unaccompanied by a material change in status or benefits, are insufficient to constitute an adverse employment action."); *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1058 (8th Cir. 2007) (citations omitted) ("A reprimand is an adverse employment action only when the employer uses it as a basis for changing the terms or conditions of the employee's job for the worse.").

> compliance and conciliation. The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court. Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made. The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge.

*Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (internal quotation marks and citations omitted).

In order to determine whether the allegations of a complaint are reasonably related to the claims of discrimination contained in the administrative charge, courts customarily look to the substance of the charge. *Williams*, 2015 WL 4546618, at *3. Here, Edward Jones contends that Plaintiff's Charge of Discrimination did not sufficiently raise a claim for constructive discharge.

A claim of constructive discharge has two basic elements. "A plaintiff must prove first that [she] was discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign." *Green v. Brennan*, 136 S.Ct. 1769, 1777 (2016) (citation omitted). The plaintiff must also show, however, that she actually resigned. *Id.* "In other words, an employee cannot bring a constructive-discharge claim until [she] is constructively *discharged*. Only after both elements are satisfied can [she] file suit to obtain relief." *Id.* (emphasis in original). *See also Tadlock v. Powell*, 291 F.3d 541, 547 (8th Cir. 2002) (internal quotation marks and citation omitted) ("Constructive discharge occurs when an employer intentionally creates a work environment so intolerable as to compel a reasonable employee to quit, and the employee does in fact quit.").

6

As noted above, Plaintiff did not claim she was constructively discharged in her EEOC charge. Nor could she, as she was on short-term disability leave at the time she filed the charge, a status compatible only with continued employment. *See Curry v. City of Chicago*, No. 10CV7153 RMD, 2013 WL 884454, at *5 (N.D. Ill. Mar. 8, 2013) (quoting *Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 486 (7th Cir. 2002) ("The Seventh Circuit has explained that placement on medical leave 'is an action consistent only with continued employment.'")).

In her response to Defendant's motion, Plaintiff states as follows: "Clearly, by Plaintiff stating in her EEOC Charge of Discrimination that she 'called Respondent and requested to be placed on short-term disability', and that she 'has not been back to work', it can be inferred that <u>she quit her job</u>." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, P. 6 (emphasis in original)). Upon consideration, the Court disagrees. As noted by Defendant, only slightly over three weeks passed between June 21, 2018 (Plaintiff's last day worked), and July 16, 2018 (the date on which she filed her Charge). This time frame is entirely consistent with Plaintiff's placement on short-term disability leave, and thus gave no indication to the EEOC that Plaintiff already had (or intended to) quit her job. The Court thus finds Plaintiff did not present a constructive discharge claim to the EEOC, and so she failed to exhaust her administrative remedies. *See Lybarger v. Potter*, No. 07-00731-CV-W-DGK, 2009 WL 2407735, at *5 (W.D. Mo. Aug. 4, 2009) (citation omitted) ("Additionally, the claims for disability discrimination and retaliation asserted in each of his administrative complaints were raised before Plaintiff stopped working…Liberally construing the charges Plaintiff filed with the EEOC, it cannot be said that they are like or reasonably related to his claim for constructive discharge in the Complaint before the Court….Furthermore, Plaintiff's EEOC claims never put [Defendant] on notice that he was raising a claim of constructive discharge."). Defendant's

7

Motion to Dismiss will therefore be granted. *See Williams*, 2015 WL 4546618, at *3. *See also EEOC v. Costco Wholesale Corp.*, No. 14 C 6553, 2015 WL 9200560, at *11 (N.D. Ill. Dec. 15, 2015) (citations omitted) ("If anything, the fact that [complainant] requested and obtained medical leave from Costco shows a continuing employment relationship, not a resignation.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**, and Plaintiff's Complaint for Damages is **DISMISSED**. An Order of Dismissal will accompany this Memorandum and Order.

Dated this ___27th___ Day of August, 2020.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE